IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SCOTT ALLDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-145-RWS-JBB |
| | § | |
| ARCOSA TELECOM STRUCTURES, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiff Scott Allder's objections to the Magistrate Judge's Report and Recommendation. Docket No. 29. On September 3, 2024, Allder, proceeding *pro se*, filed his state court petition against Defendant Arcosa Telecom Structures, LLC, asserting a claim for "damages against an individual or contractor in violation of ADA laws for having a service animal on premises." Docket No. 4 at 2. Defendant removed the lawsuit to this Court on October 1, 2024. Docket No. 1. The case was referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636. Docket No. 3.

On January 7, 2025, Defendant filed a motion to dismiss and moved, in the alternative, for a more definite statement. Docket No. 22. On April 3, 2025, the Magistrate Judge issued a Report and Recommendation, recommending that Defendant's motion be denied without prejudice to refiling. Docket No. 27 at 11. The Magistrate Judge further recommended Allder be ordered to file, "within thirty (30) days from the date of any Order Adopting [the] Report and Recommendation, an amended complaint with sufficient allegations to state a plausible" Americans with Disabilities Act (ADA)[1] claim. Docket No. 27 at 11–12.

---
[1] 42 U.S.C. § 12101, *et seq.*

On April 9, 2025, Allder filed a response to the Report and Recommendation, which the Court construes as objections. *See* Docket No. 29.

By way of background, Allder's operative complaint only generally asserts that Defendant violated the ADA, and the complaint does not clarify which title of the ADA Allder is suing under. *See* Docket No. 4. Accordingly, the Magistrate Judge's Report and Recommendation determined whether Allder's complaint was viable under Title I, Title II, and/or Title III of the ADA. *See* Docket No. 27 at 3–4 (citing *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001)).

First, Allder objects to the Magistrate Judge's finding that Allder has failed to plead exhaustion of his administrative remedies under Title I of the ADA. Notably, Title I of the ADA requires a plaintiff to exhaust his or her remedies by submitting an administrative complaint to the Equal Employment Opportunity Commission (EEOC). *Magruder v. Argon Med. Devices, Inc.*, No. 6:23-CV-00556-JCB-JDL, 2024 WL 2097402, at *3 (E.D. Tex. Jan. 23, 2024), *report and recommendation adopted*, 2024 WL 2094651 (E.D. Tex. May 9, 2024). A prospective plaintiff must then obtain a right-to-sue letter from the EEOC before that plaintiff can file suit on his or her own behalf. *Id.* Allder argues that he should not be required to exhaust his administrative remedies with respect to any Title I ADA claim because the EEOC's process takes too long, and he will not be able to exhaust his remedies within the 30-day period in which the Magistrate Judge recommends that he should be required to amend his complaint. Docket No. 29 at 1–2. However, Allder does not identify any issues with the legal reasoning of the Report and Recommendation. Fifth Circuit precedent requires Allder to exhaust his administrative remedies before he can file suit under Title I of the ADA. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). Because Allder has not pleaded that he exhausted his administrative remedies with the EEOC, he must either amend his complaint or his complaint will be dismissed.

Although Allder may be unable to exhaust his remedies under the EEOC process within 30 days, Title II and Title III of the ADA do not require a plaintiff to undergo the same EEOC exhaustion procedure. *See Brock v. Walden Univ. & Affiliates*, No. CV 22-125, 2023 WL 5426742, at *3 (W.D. La. Mar. 30, 2023). Thus, Allder can also alternatively amend his complaint to state a claim under one of those titles. *Cf.* Docket No. 27 at 8–11 (explaining why Allder's complaint fails to state a claim under Title II and/or Title III of the ADA).

Second, Allder suggests that the Defendant should have been required to raise the argument that Allder had not followed the EEOC process at "the beginning of this case, not 7 months into it." Docket No. 29 at 2. However, Defendant has not waived or forfeited the argument that Allder failed to exhaust his remedies. Defendant timely removed the case from Texas state court within 30 days as required by statute. *See* Docket No. 1. After doing so, Defendant filed, as its first response to Allder's complaint, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and 12(e). *See* Docket No. 22. That motion to dismiss included an argument, among others, that Allder's complaint should be dismissed because Allder failed to exhaust his administrative remedies. *Id.* at 5–6. Although that motion was not filed until January 7, 2025, the motion was filed by the deadline set by the Court for Defendant to respond to Allder's complaint. *See* Docket No. 21, 22. Because Defendant, in its first response to Allder's complaint, timely included the theory that Allder failed to exhaust his administrative remedies, Defendant did not waive such an argument. *Iturralde v. Shaw Grp., Inc.*, 512 F. App'x 430, 433 (5th Cir. 2013) ("A waiver argument would fail because [the defendant] preserved its failure-to-exhaust defense in its answer, and thus properly sought dismissal under Rule 12(b)(6).").

Third, Allder challenges the Magistrate Judge's findings on "the issue of ADA and the subject of 'damages.'" Docket No. 29 at 2. However, regarding damages, the Magistrate Judge

only noted that if Allder was construed to be suing under Title III, he would not be entitled to the sole relief he seeks in his complaint. Docket No. 27 at 10–11. Allder's complaint only seeks relief in the form of damages, Docket No. 4, which are not available under Title III of the ADA. *See Humes v. Walmart*, No. 3:24-CV-639-LBN, 2024 WL 1839292, at *3 (N.D. Tex. Apr. 2, 2024), *report and recommendation adopted*, 2024 WL 1837981 (N.D. Tex. Apr. 26, 2024). Allder's bare suggestion that the "ADA does not address the subject of damages in regards to violations of rights" is incorrect. *See Bracken v. G6 Hosp. LLC*, No. 4:14-CV-644-ALM-CAN, 2016 WL 3946791, at *3 (E.D. Tex. June 3, 2016) (noting "monetary damages are not available under Title III of the ADA."). However, Allder may amend his complaint to seek damages under Title I or Title II of the ADA. *See, e.g.*, *Miraglia v. Bd. of Supervisors of Louisiana State Museum*, 901 F.3d 565, 574 (5th Cir. 2018).

Fourth, Allder objects to the finding of the Magistrate Judge that Allder has not plausibly alleged that he has a disability. In his objections, Allder argues for the first time that he suffers from PTSD, which requires him to have a service animal. Docket No. 29 at 3. However, this allegation appears nowhere in Allder's complaint. Even if this allegation were properly included in Allder's operative complaint, it does not upset the Magistrate Judge's conclusion that Allder's complaint fails to state a claim. As the Magistrate Judge found, the allegations in Allder's complaint fail to meet other elements of the ADA required for him to state a claim. *See* Docket No. 27 at 4–11 (elucidating other defects in Allder's claim(s)).

Allder should be given the opportunity to amend his complaint to allege sufficient facts to state a plausible claim for discrimination under the ADA, including a showing that he has exhausted his administrative remedies as is generally required for a Title I ADA employment discrimination claim. Therefore, the Court orders Allder to file an amended complaint with respect

to his ADA claim(s), rectifying the deficiencies identified in the Report and Recommendation. As explained by the Magistrate Judge, Allder's amendment should allege sufficient factual detail to explain why Allder believes his claim(s) satisfies each element of Title I, Title II, and/or Title III of the ADA. Docket No. 27 at 12–13. If Allder wishes to assert a claim under Title I of the ADA, he must include sufficient factual details showing that Allder exhausted his administrative remedies with the EEOC, or he must otherwise present a theory of why that is not necessary in this case. Allder may explain in his amendment why he is not able to include a right-to-sue letter, after which time Defendant will have another opportunity to move to dismiss.

The remainder of Allder's assertions are not objections. Allder clarifies that he is seeking damages for losses of potential future wages, pain and suffering, and punitive damages. Docket No. 29 at 2. As further explained by the Magistrate Judge, Allder may include such allegations in his amended complaint, after which time Defendant will have another opportunity to challenge the factual allegations in support of Allder's ADA claim(s).

The Court has conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which Allder objected. *See* 28 U.S.C. § 636(b)(1)(C) (requiring that a district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Upon such de novo review, the Court has determined that the Report of the Magistrate Judge is correct and that Allder's objections are without merit. Accordingly, it is

**ORDERED** that Allder's objections (Docket No. 29) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 27) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (Docket No. 22) is **DENIED WITHOUT PREJUDICE TO REFILING**. It is further

**ORDERED** that Allder shall file, within thirty (30) days from receipt of this order, an amended complaint with sufficient allegations to state a plausible claim against Defendant under Title I of the ADA (under either a disparate-treatment or failure-to-accommodate theory), including a showing that he has exhausted his administrative remedies with the EEOC or why that is not necessary in this situation. Additionally, Allder shall clarify whether he is also attempting to assert a Title II and/or Title III ADA claim, and if so, include factual support showing why he believes Defendant violated the elements required by those titles, including facts related to Defendant being a "public entity" (Title II) or "place of public accommodation" (Title III), if applicable.

The failure to do so may result in Allder's claims against Defendant being dismissed with prejudice.

**So ORDERED and SIGNED this 28th day of April, 2025.**

*[Signature: Robert W Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE