IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SCOTT ALLDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-145-RWS-JBB |
| | § | |
| ARCOSA TELECOM STRUCTURES, LLC, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On April 28, 2025, District Judge Schroeder entered an order adopting the April 3, 2025 Report and Recommendation ("R&R") of the Magistrate Judge, which held that Plaintiff Scott Allder's complaint failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 31 at 4–5. In the order adopting, Judge Schroeder denied without prejudice Defendant Arcosa Telecom Structures, LLC's motion to dismiss the above-captioned case and ordered Plaintiff to file an amended complaint within thirty days, addressing the deficiencies identified in the R&R. Dkt. No. 31 at 6. Plaintiff failed to meet the original deadline and received an additional thirty-day extension. Dkt. No. 40 at 3. The Court received Plaintiff's amended complaint after that final extension had passed. As will be explained in greater detail below, because Plaintiff's untimely amended complaint does not address all the deficiencies noted in the April 3 R&R (Dkt. No. 27) as ordered, the undersigned *sua sponte* recommends the above-captioned case be **DISMISSED** with prejudice.[1]

---

[1] The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636.

## BACKGROUND

On or about September 3, 2024, Plaintiff, proceeding *pro se*, filed a state court petition against Defendant, asserting a claim for "damages against an individual or contractor in violation of ADA laws for having a service animal on premises." Dkt. No. 4 at 2. After Defendant removed the lawsuit to this Court, Defendant moved to dismiss Plaintiff's original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, that the Court order Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Dkt. No. 22 at 12–13. On April 28, 2025, the Judge Schroeder adopted the undersigned's April 3 R&R, denied Defendant's motion to dismiss without prejudice to refiling, and ordered Plaintiff to file, within thirty days from the date of receipt, an amended complaint with sufficient allegations to state a plausible claim against Defendant under Titles I, II, and/or III of the ADA.[2] *See* Dkt. No. 31 at 5–6. Plaintiff was advised that failure to do so may result in his case being dismissed with prejudice. *Id.* However, Plaintiff failed to file an amended complaint as ordered.

On May 28, 2025 (the date Plaintiff's amended complaint was due), the undersigned conducted a telephone conference with the parties to discuss the status of the case. Dkt. No. 41. During the conference, Plaintiff requested additional time in which to file his amended complaint. *Id.* With the input and agreement of the parties, the undersigned extended Plaintiff's deadline to file his amended complaint for an additional thirty days. *Id.* Plaintiff was specifically advised that no further extensions would be entertained and that—to the extent Plaintiff failed to file an amended complaint addressing the deficiencies noted in the April 3 R&R, on or before the extended deadline of June 27, 2025—the above case would be dismissed at that time. *Id.*; *see also*

---

[2] Plaintiff received a copy of the April 28, 2025 Order via electronic notice. *See* Dkt. No. 19. Therefore, Plaintiff's deadline to amend was May 28, 2025.

Dkt. No. 40 at 2 (May 28, 2025 Order memorializing the undersigned's oral rulings, which Plaintiff received via electronic notification).[3] Plaintiff's amended complaint was not filed until July 2, 2025. Dkt. No. 44.

## **LEGAL STANDARDS**

A complaint must be dismissed if the plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Ct. of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

When a plaintiff's complaint fails to state a claim, he should generally be given "at least one chance to amend the complaint under [Federal Rule of Civil Procedure] 15(a) before dismissing the action with prejudice." *Webb v. Randall's Flagship*, No. H-10-CV-1984, 2011 WL 2565347, at *2 (S.D. Tex. June 27, 2011); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend

---

[3] The Court stayed all proceedings in this case until such time as the Court is able to resolve the sufficiency of any amended complaint filed by Plaintiff. Dkt. No. 40 at 2.

in a manner that will avoid dismissal."). "*Pro se* plaintiffs are held to a less stringent pleading standard than documents drafted by attorneys and are entitled to a liberal construction, allowing all reasonable inferences that can be drawn from their pleadings." *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 436 (S.D. Tex. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). Nevertheless, *pro se* plaintiffs must "still comply with the rules of procedure." *Ogbodiegwu v. Wackenhut Corrs. Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. 1999).

## DISCUSSION

The Court provided Plaintiff a 30-day window to amend his complaint. After Plaintiff failed to do so by the original deadline, the Court allowed Plaintiff an additional 30-day extension over Defendant's concerns about further delays, while making clear to Plaintiff this was a hard and final deadline. Despite these accommodations, Plaintiff failed to file his amended complaint by the extended June 27, 2025 deadline.[4] Plaintiff has been repeatedly advised that failure to file an amended complaint as ordered by the Court will result in his case being dismissed as required by Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 27 at 13; Dkt. No. 31 at 6; Dkt. No. 40 at 2–3.

Considering the allegations in the late-filed amended complaint further illustrates why the above case should be dismissed with prejudice. As explained in detail in the April 3 R&R, Plaintiff's original complaint does not include sufficient allegations to state a claim that Defendant violated Title I of the ADA or that Plaintiff has exhausted administrative remedies prior to filing suit. Dkt. No. 27 at 4–7. Nor does Plaintiff's original complaint contain sufficient allegations to assert a cause of action under Title II or Title III of the ADA. *Id.* at 8–11. In the order adopting,

---

[4] Plaintiff postmarked his amended complaint June 27, but at the May 28 hearing and in the order (Dkt. No. 40), it was explained the amended complaint needed to be filed within thirty days. Regardless, as explained below, Plaintiff's amended complaint fails to address the specific deficiencies outlined in the R&R.

Judge Schroeder ordered Plaintiff to file an amended complaint within thirty days to rectify the deficiencies identified in the R&R. Dkt. No. 31 at 4–6. Judge Schroeder ordered Plaintiff to amend with "sufficient factual detail to explain why Allder believes his claim(s) satisfies each element of Title I, Title II, and/or Title III of the ADA."[5] *Id.* at 5–6.

Plaintiff's amended complaint does not address all the deficiencies noted in the April 3 R&R. The Court directed Plaintiff to specify the Title of the ADA he is bringing suit under, and if it is Title I, he must include facts alleging either a disparate-treatment claim or a failure-to-accommodate claim. Plaintiff's amended complaint states he brings his claim for "after the fact" (disparate treatment) pursuant to Title I of the ADA (Dkt. No. 44 at 2); however, he still fails to allege sufficient facts to state a claim under Title I.

To state a *prima facie* disparate-treatment claim pursuant to Title I of the ADA, a plaintiff must allege facts showing that "(1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability.'" *King v. DFW Int'l Airport Bd.*, No. 23-11084, 2024 WL 4132676, at *4 (5th Cir. Sept. 10, 2024) (alteration in original) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)). To establish a disability under the ADA, a plaintiff must allege facts showing that "he or she (1) has 'a physical or mental impairment that substantially limits one or more major life activities;' (2) has a record of such impairment, or (3) is regarded as having such impairment." *Flynn v. Van Meter*, No. 4:23-CV-04087, 2024 WL 3890193, at *7 (S.D. Tex. Aug. 20, 2024) (quoting *Stewart v City of Houston Police Dept*, 372 F. App'x 475, 477 (5th Cir 2010) (quoting 42 U.S.C. § 12102(1))).

---

[5] Specifically, regarding any claim under Title I (under either a disparate-treatment or failure-to-accommodate theory), Plaintiff was ordered to show that he has exhausted his administrative remedies with the EEOC or why that is not necessary in this situation. Dkt. No. 31 at 6.

In his original complaint, Plaintiff merely states he has a "service animal" and a "medical condition that requires an aid, in this case a service animal." Dkt. No. 23 at 1. The R&R explained that Allder must plead facts alleging he has a qualifying disability and further provided the case law showing how to do so. Dkt. No. 27 at 4-5. The R&R also explained that Plaintiff's allegation that he has a service animal, without more, does not raise a reasonable inference that he is disabled as defined by the ADA. *See id.* at 5 (citing *Humes v. Walmart*, No. 3:24-CV-639-LBN, 2024 WL 1839292 (N.D. Tex. Apr. 2, 2024), *report and recommendation adopted*, 2024 WL 1837981 (N.D. Tex. Apr. 26, 2024); *Brown v. Fed Ex Office*, No. 10cv780-MMA(WVG), 2010 WL 1730046 (S.D. Cal. Apr. 26, 2010); *Houston v. DTN Operating Co., L.L.C.*, No. 4:17-CV-00035, 2017 WL 4653246 (E.D. Tex. Oct. 17, 2017)). The R&R informed Plaintiff that if he "intends to rely on a dog as a service animal, he must plead facts sufficient to show his dog qualifies as a service animal on the basis other than as an emotional support animal." *Id.* at 5, n. 2. Plaintiff was expressly instructed that failure to address this would require dismissing his complaint. *See id.* at 12-13.

Yet, Plaintiff's amended complaint does not allege what Plaintiff's disability (or medical condition) is and how that disability substantially affects a major life activity. In fact, the amended complaint is less clear than the original complaint as to whether Plaintiff even alleges he has a qualifying disability. Plaintiff alleges Defendant was informed of the "reason for having the service animal" even though he is not required to disclose any "medical info" due to federal law (HIPAA), *see* Dkt. No. 44 at 4, but again never says what that disability is; and later in his amended complaint, alleges the reason he asked to bring his "service dog" inside Defendant's Oklahoma facility was because the temperature inside his vehicle could exceed 130 degrees, rather than a need for the dog to be at his side. *Id.* at 3-4.

Plaintiff fails to allege exactly what disability he suffers from and states only in a conclusory manner his allegation of discrimination regarding his "service dog." The R&R instructed Plaintiff he must state more than just a conclusory allegation in order to support his claim. *Brown*, 2010 WL 1730046, at *1. In addition to not describing his disability, Plaintiff fails to show how his disability impairs one of his major life activities. *Id.* Therefore, Plaintiff's Title I claim under the ADA should be dismissed with prejudice for failure to state a claim on which relief may be granted. *See Humes*, 2024 WL 1839292, at *3.

Additionally, Plaintiff's amended complaint fails to demonstrate Plaintiff exhausted administrative remedies prior to filing suit. To exhaust administrative remedies, "a plaintiff must (1) timely file an administrative complaint with the EEOC, (2) obtain a right-to-sue letter from the EEOC, and (3) file [his] employment discrimination lawsuit within 90 days of receiving the right-to-sue letter." *Magruder v. Argon Med. Devices, Inc*., No. 6:23-CV-00556-JCB-JDL, 2024 WL 2097402, at *3 (E.D. Tex. Jan. 23, 2024), *report and recommendation adopted*, 2024 WL 2094651 (E.D. Tex. May 9, 2024). Failure to allege exhaustion of administrative remedies in the complaint ordinarily subjects a plaintiff's claim to dismissal under Rule 12(b)(6). *Id*.

Similar to the original complaint, Plaintiff failed to include a copy of any EEOC charge and right-to-sue letter as exhibits to his amended complaint. The amended complaint itself fails to mention exhaustion and does not allege any facts showing that Plaintiff took any steps to comply with any administrative process at all. Nor has Plaintiff explained why he need not make that showing. *See* Dkt. No. 27 at 7, 12-13.

The R&R (Dkt. No. 27), Order Adopting (Dkt. No. 31), and Order Regarding Amended Complaint and Staying Proceedings (Dkt. No. 40) all instruct Plaintiff that any amended complaint

will need to plead facts to address these issues. Plaintiff's late-filed amended complaint failed to do so. For the above reasons, this case should be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing, it is

**RECOMMENDED** that Plaintiff's above-captioned cause of action be **DISMISSED WITH PREJUDICE.**

### Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 3rd day of July, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE